CHARLES KAUFMANN, APPELLANT, V. JOHN C. DREXEL,
SHERIFF, ET AL., APPELLEES.

FILED OCTOBER 5, 1898.   No. 8249.

1. **Word.** The word "thereupon," as used in section 1039 of the Code of Civil Procedure, is an adverb of time, signifying without delay.

2. **Replevin:** JUSTICE OF THE PEACE: TRANSFER OF CASE. If, in an action of replevin pending before a justice of the peace, the appraised value of the property taken on the writ exceeds $200, it is the duty of the justice to transmit the transcript and files therein to the district court without unnecessary delay.

3. ———: ———: ———. The failure of the justice to comply with the requirements of said section for a period of nearly ten months *held* to work a discontinuance of the action.

4. **Unauthorized Appearance:** JUDGMENT: ATTACK. Where judgment is rendered against a party whose appearance in the cause is entered by an unauthorized attorney, the presumption of jurisdiction is not conclusive in an original action directly assailing such judgment.

5. **Judgment:** INJUNCTION AGAINST ENFORCEMENT. An action may be maintained to enjoin the enforcement of a void judgment when there is a concurrence of the following conditions: (1) The judgment must be without any legal or equitable basis; (2) its invalidity must not appear on the face of the record; and (3) the party complaining must be without an adequate remedy at law.

6. ———: PROCEEDINGS TO VACATE. Section 602 of the Code of Civil Procedure has reference only to judgments and orders possessing some degree of legal vitality, and not to such as are absolutely void.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Reversed.*

*Guy R. C. Read,* for appellant.

*A. H. Murdock, contra.*

SULLIVAN, J.

In May, 1893, a dwelling-house standing in one of the public streets of the city of South Omaha was seized by the defendant Adams, a constable of Douglas county, under an execution issued on a judgment for work and

labor rendered against one Carl Hanuse. The building was owned by Hanuse and, with the view of recovering its possession, he consulted Theodore F. Elliott, a member of the Douglas county bar. Owing to the fact that Hanuse had an imperfect knowledge of the English language and that Elliott did not understand German-- for which, however, the plaintiff herein was not in the slightest degree responsible—an action was commenced before Justice Levy in the name of Charles Kaufmann, and by virtue of an order of delivery issued therein the property in question was taken from the possession of the constable. Kaufmann neither had nor claimed any title, right, or interest in or to the property, and the action was commenced without his knowledge or consent. While the action was pending he was informed of the fact by the justice of the peace and the attorney for the defendant, and to both of them he promptly disclaimed having any interest in the suit and disavowed the acts and denied the authority of Elliott in the premises. Presuming, doubtless, that the action would be then abandoned, he gave it no further attention, and was entirely ignorant of the steps subsequently taken to prosecute it to final judgment. The house was not delivered to him on the writ of replevin. He did not sign the affidavit nor furnish the statutory bond. He did not know Mr. Elliott, and seems to have had neither social nor business relations with Hanuse, except that, as agent for an investment company, he had, some years before, negotiated a loan for him on the dwelling-house in question and the lot on which it then stood. The justice, when the case came on to be heard, refused to take any further action therein for the reason that it was commenced and was pending without Kaufmann's authority or sanction. He informed Mr. Elliott and Mr. Lane, the attorney for the defendant, that if the case was to be further prosecuted they had better take a change of venue. Accordingly the venue was changed on June 30, 1893, and afterwards a motion was made on behalf of the defendant to dis-

miss the case on the ground that Mr. Elliott was not the authorized attorney of the plaintiff. It does not appear that the motion was supported by proper evidence, and the justice overruled it. On August 1, the cause, having been previously heard, was submitted to Justice Wilcox, who made the following finding: "August 1, 1893, 2 o'clock P. M., cause submitted to me by the parties upon briefs. I find, upon the proofs made before me on the trial of this action, that the value of the property taken upon the writ of replevin herein, and delivered by the constable to the plaintiff, exceeds the sum of $200. I therefore decide that I have not jurisdiction of this action, and I certify proceedings upon the said writ to the district court of Douglas county." On May 24, 1894, a certified transcript of the proceedings before the justice, together with the original papers, was filed by Mr. Elliott in the office of the clerk of the district court. Here an abortive attempt at intervention was made by Augusta Hanuse; and eventually a judgment was rendered against Kaufmann, there being no effort made at the trial to establish his alleged right of possession. To secure the cancellation of this judgment and to enjoin the threatened enforcement of an execution issued thereon are the purposes for which this action was brought. The decree of the district court dismissed the petition, and the plaintiff brings the record here for review by appeal.

There are two grounds on which it is sought to vindicate the action of the trial court. It is first claimed that it was the duty of the plaintiff, upon being informed of the pendency of the action, to appear before Justice Levy and file a formal disclaimer, and that it was not enough to merely inform the defendant and the justice that the case was not his and did not concern him. The writer is of opinion that, under the circumstances, no such obligation rested upon Mr. Kaufmann; but a decision of the point is unnecessary to a proper disposition of the case and we, therefore, do not decide it.

Section 1039 of the Code of Civil Procedure is as follows: "Whenever the appraised value of the property so taken shall exceed two hundred dollars, the justice shall certify the proceedings upon the said writ to the district court of his county, and thereupon shall file the original papers, together with a certified transcript of his docket entries, in the clerk's office of the said court; the case there to be for trial at the first term of said court on the original papers without further pleadings, except by the leave of the court granted on sufficient showing." The word "thereupon," as used in this section, is an adverb of time and signifies without delay or lapse of time. (Anderson's Dictionary of Law; *Hill v. Wand*, 47 Kan. 340; *Putnam v. Langley*, 133 Mass. 204; 25 Am. & Eng. Ency. Law, 1058.) The language of the statute is imperative. It was the duty of the justice to transmit the files and transcript to the district court with reasonable dispatch so that the cause might be tried at the term next ensuing. He had no limitless discretion in the matter; and the fact that no effort was made to enforce the performance of the duty imposed on him by the statute clearly indicates that the proceeding was abandoned. By the failure to transmit the record to the district court for a period of nearly ten months the action abated and was at an end as effectually as though the plaintiff had appeared and procured an order of dismissal to be entered therein. The action in the district court was a new action; the jurisdiction was original and not derivative. (*Thompson v. Church*, 13 Neb. 287; *Lydick v. Korner*, 13 Neb. 10; *Austin v. Brock*, 16 Neb. 642; *Worley v. Shong*, 35 Neb. 311.) That the case was pending in that court and that it passed to judgment, therefore, cannot be charged to any act or culpable inaction of the plaintiff. There was nothing in his conduct to work an estoppel. The presumption of jurisdiction arising from the appearance of Mr. Elliott as attorney for the plaintiff is not a conclusive presumption; and in this action, which is a direct attack on the judgment, the fact that the ap-

pearance was unauthorized may be shown. (*Kepley v. Irwin*, 14 Neb. 300; *Kirschbaum v. Scott*, 35 Neb. 199; *Hess v. Cole*, 23 N. J. Law 116; *Shelton v. Tiffin*, 47 U. S. 163; *Reynolds v. Fleming*, 30 Kan. 106.) That an action may be maintained to enjoin the enforcement of a void judgment and to secure its cancellation is well established where the following conditions exist, viz., that the judgment is without any legal or equitable basis; that its invalidity is not disclosed by the record; and that there is no adequate remedy at law by which relief against it may be obtained. (*Winters v. Means*, 25 Neb. 241; 1 High, Injunctions [3d ed.] sec. 229; 1 Black, Judgments sec. 374; *Corbitt v. Timmerman*, 95 Mich. 581; *Chambers Bros. v. King Wrought Iron Bridge Mfg. Co.*, 16 Kan. 270.) The defendants, apparently conceding this rule, insist that plaintiff had an adequate remedy at law under the provisions of section 602 of the Code of Civil Procedure. By that section the district court is given authority to vacate or modify its own judgments after the term at which they were entered. It has reference only to orders and judgments possessing some degree of legal vitality, not to such as are absolutely and utterly void. To speak of the vacation or modification of a void judgment is a perversion of language. There being no judgment, but the mere form and counterfeit of a judgment, there is nothing to modify or annul. "A void judgment," says Mr. Freeman (Freeman, Judgments [4th ed.] sec. 117), "is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void. The parties attempting to enforce it may be responsible as trespassers. The purchaser at a sale by virtue of its authority finds himself without title and without redress. The first and most material inquiry in relation to a judgment or decree, then, is in reference to its validity. For if it be null, no action upon the part

of a plaintiff, no inaction upon the part of a defendant, no resulting equity in the hands of third persons, no power residing in any legislative or other department of the government, can invest it with any of the elements of power or of vitality. It does not terminate or discontinue the action in which it is entered, nor merge the cause of action; and it therefore cannot prevent the plaintiff from proceeding to obtain a valid judgment upon the same cause, either in the action in which the void judgment was entered or in some other action." In the case of *Leonard v. Capital Ins. Co.*, 101 Ia. 482, 70 N. W. Rep. 629, the supreme court of Iowa, construing provisions of the Code of that state almost identical with those contained in section 602, held that they related only to orders and judgments that are voidable but not void. And speaking upon this subject Commissioner RAGAN, in *Bankers Life Ins. Co. v. Robbins*, 53 Neb. 44, 73 N. W. Rep. 269, remarked: "In this connection we deem it proper to say we do not think that the provisions of section 602 of the Code contemplate a void judgment, but one which is voidable by reason of some fraud or irregularity." The alleged judgment of the district court against the plaintiff in the replevin action was not a judgment obtained irregularly or otherwise; it had the form and semblance of a judgment, but it was entered without jurisdiction, and was and is absolutely null. The district court had apparent jurisdiction of the parties. The judgment in question was fair on its face. It was a cloud upon the plaintiff's credit and upon the title to his land, if he possessed any in Douglas county. Upon it successive executions could issue. There was no adequate remedy at law against it, and therefore this action was properly brought and the relief prayed for should have been granted. The judgment of the district court is reversed and a final judgment will be entered in this court as prayed.

REVERSED.