CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLEE, V. COUNTY OF HITCHCOCK ET AL., APPELLANTS.

FILED NOVEMBER 8, 1900. No. 9,226.

1. **Summons: ISSUANCE: SERVICE: WAIVER.** Ordinarily a defendant may waive the issuance and service of summons in an action, and enter a voluntary appearance in the case, such appearance being equivalent to actual service of summons in the manner provided by statute.

2. **——: ——: ——: ——: AUTHORITY OF ATTORNEY.** An attorney of a municipal corporation, without authority therefor, can not waive the issuance and service of summons and enter the voluntary appearance of the defendant in an action.

3. **Service of Municipal Corporation: STATUTE.** The service of process upon a municipal corporation, as provided by section 57, chapter 14, article 1, Compiled Statutes, while required to be served upon the mayor or chairman of the board of trustees, or, in his absence, upon the clerk, or, in his absence, by leaving a

certified copy in the office of the clerk, is upon the corporation in its corporate capacity, and not upon the individual.

4. ———: WAIVER: AUTHORITY OF CHAIRMAN: BOARD OF TRUSTEES. A chairman of the board of trustees of a village defendant is not empowered to waive the issuance and service of summons, and to enter the voluntary appearance of the defendant in an action, without authority of the village board acting in its corporate capacity as a body politic.

5. Courts of General Jurisdiction: PRESUMPTION. In courts of general jurisdiction the rule is that the proceedings taken, including questions of jurisdiction, are presumed to be regular and in conformity with law. Where, however, the record discloses the jurisdictional steps taken, and it is made to appear that no jurisdiction was acquired over the defendant, the rule invoked is rendered unavailing.

6. Court Without Jurisdiction: VOID JUDGMENT. Where a court is without jurisdiction over a defendant, the judgment rendered is void, and may be attacked as such by anyone whose rights are affected by its rendition, and its invalidity shown in any action in which it may be called in question.

7. Unauthorized Appearance: VOID JUDGMENT. The unauthorized appearance in a case, where no process has been served upon a defendant, is wholly void as to such defendant for whom such unauthorized appearance was made.

APPEAL from the district court of Hitchcock county. Heard below before NORRIS, J. *Affirmed.*

*L. H. Blackledge,* for appellants.

*E. R. Duffie, Charles F. Manderson, J. E. Kelby, F. M. Flansburg, R. O. Adams* and *W. S. Morlan, contra.*

HOLCOMB, J.

By injunction the plaintiff and appellee seeks to restrain the collection of taxes to the amount of 110 mills on the dollar valuation attempted to be levied for the satisfaction of certain purported judgments rendered against the village of Trenton, one of the appellees. On the trial of the case in the court below it was found that all the judgments save one, were void for want of jurisdiction in the court rendering them, and a decree entered enjoining perpetually the collection of nine-tenths

of the special taxes so attempted to be levied. From this decree the action is by appeal brought here for further consideration.

The appellants the Shickle, Harrison & Howard Iron Company and the county of Hitchcock, present a joint brief, arguing for a reversal of the judgment below. A joint brief is also filed on behalf of the appellee railway company and the village of Trenton. No other appearances are made in the appeal proceedings. The jurisdiction of the court rendering the judgment in favor of appellant the Shickle, Harrison & Howard Company, who are the largest of the village creditors, depends upon the following instrument filed in the case in that court, no other appearance of any kind being found in the record. The paper referred to is as follows, omitting the title: "Comes now the defendant, the village of Trenton, and by its officers, the chairman of its board of village trustees, and its attorney they being duly authorized by order of record of the village board, hereby waives the issuance and service of summons in the above entitled cause, and enters the voluntary appearance of said defendant herein and also waives the giving of security for costs in this action by the plaintiff.

"Dated this 21st day of January, 1895.

"[SEAL.]                          H. B. SEELEY,

"*Chairman of the Board of Village Trustees of the Village of Trenton, Defendant.*

"Attest: A. L. TAYLOR,          F. M. FLANSBURG,
            "*Village Clerk.*          *Village Attorney.*"

A petition had been filed January 5, and the so-called appearance was filed the 23d of the same month. At the May term of the court following, judgment was rendered against the village as by default. The claims against the village appear to have been for material used for the construction of a waterworks system, for which bonds had been voted by the taxpayers in the sum of $5,000. The expenses incurred in the construction of the system, however, seem to have greatly exceeded the pro-

ceeds derived from the bonds, and the judgments referred to were obtained, and for their satisfaction, resort was had to the special levy mentioned.

The controlling question presented is whether the court acquired jurisdiction over the village by the filing of the instrument heretofore copied. The question is one by no means free from doubt. Ordinarily, a defendant may waive the issuance and service of summons, and enter a voluntary appearance in a case, such appearance being equivalent to actual service of summons in the manner provided by statute. Code of Civil Procedure, sec. 72; *Merchants Savings Bank v. Noll*, 50 Nebr., 616. Whether or not a municipal corporation, whose officers derive their powers solely from the statute, may make such an appearance as is contemplated by the section referred to, and waive the issuance and service of summons, is not necessarily involved in this action, and need not therefore be considered. The proposition herein to be determined is as to the authority of an attorney and chairman of the board of trustees of a village to waive the issuance and service of summons in an action against the village in the manner hereinbefore mentioned, and thereby give to the court jurisdiction to render a valid and binding judgment against such village. That an attorney can not, without authority therefor, make such an appearance, we regard as the law of this state and well supported by authority. *Ellis v. Ellis*, 13 Nebr., 91; *Star v. Hall*, 87 N. Car., 381; *Atchison, T. & S. F. R. Co. v. Benton*, 42 Kan., 698; *Bridgeport Savings Bank v. Eldredge*, 28 Conn., 555, 556.

It is urged, however, that the chairman of the board of trustees, being the person upon whom service of summons is required to be had, may properly waive its issuance, and enter a voluntary appearance for the corporation in an action against it. There is certainly no direct authority for such action, nor does it appear to us to be based on any well recognized rule of construction to hold that such authority is lodged in a presiding

officer of a municipal corporation as an implied power, under the different sections of the statute bearing on the subject. By section 56, chapter 14, article 1, Compiled Statutes, 1899, cities of the second class and villages, as therein defined, shall be bodies corporate and politic, and may sue and be sued. By section 57 it is provided that "the corporate name of each city or village governed by this chapter shall be the 'city (or village) of ————,' and all and every process and notice whatever affecting such corporation, shall be served upon the mayor or chairman of board of trustees, and in his absence, upon the clerk, or in the absence of such officers, then by leaving a certified copy at the office of the clerk." The service contemplated in the foregoing section, which is to be made upon the chairman, or, in his absence, upon the clerk, or, in the absence of both, by leaving a copy at the office of the clerk, is upon the corporation in its corporate capacity, and not upon an individual officer of the corporation. The officers chosen to represent the village must act in a body, and the action of an individual member, it would seem, ought not to bind the corporation to any greater extent regarding questions involved in litigation or incident thereto, than in all other matters affecting the interests and welfare of the village. It will hardly be contended that the chairman of a village board could in matters of litigation stipulate away the rights of the village regardless of the question of authority from the village board; and yet we see no difference in principle in the proposition last stated and the one involved herein. In support of the foregoing, we cite *Grand Island & N. W. R. Co. v. Baker*, 45 Pac. Rep. [Wyo.], 494. It is not contended that the chairman of the board of village trustees had express authority from the said board for the action taken, although such is recited in the appearance filed. On the contrary, the record discloses that no such authority was ever given. It is true that in the record it is shown that a motion was carried by the village board, authorizing the chairman "to con-

fess judgment to Shickle, Harrison & Howard Iron Company, to the amount of their bill less freight." We do not think this can be construed as authorization to enter the appearance attempted; nor did appellant rely on it, since no effort was made to act thereunder by a confession of judgment. Such being the case, the action taken by the chairman and village attorney was upon their individual responsibility, and in no way binding upon the village, and no jurisdiction was thereby acquired by the district court over the village. The method by which jurisdiction over the village might be acquired was clearly pointed out in the statutes, and if the plaintiff chose to rely upon some other, it alone must suffer the consequences of its own actions. We think it a wholesome rule that, in obtaining judgments against a municipal corporation, the defendant shall be brought into court, either by a properly served process duly issued, or that in its corporate capacity it acts within the scope of the authority conferred upon it by statute, and in such manner as to show that the action taken is that of the corporation, rather than of an individual who may be a member of a body chosen to conduct the affairs of such corporation. The supreme court of Kansas, in *Salina Nat. Bank v. Prescott*, 57 Pac. Rep., 121, has held that the president of a private corporation, upon whom service of summons is required to be had, may waive the issuance and service thereof, and enter the appearance of the defendant company of which he is the chief officer; following *City of North Lawrence v. Hoysradt*, 6 Kan., 170. The rule of procedure announced in the case last cited is directly in conflict with that announced by this court in *Howell v. Gilt Edge Mfg. Co.*, 32 Nebr., 627, wherein it is held that a judgment by confession can only be entered by the debtor personally, with the assent of the creditor, or by an attorney or agent who shall produce his warrant of authority and make it a part of the record in the case. In the other case, the decision is based upon the broad ground that authority to serve upon the presi-

dent of a corporation a summons carries with it the reciprocal authority to waive the issuance of summons, and enter a voluntary appearance in the action. While this rule may hold good as to private corporations, we do not think the reasons for the rule can apply to officers of a municipal corporation deriving their powers only from the statute. On the other hand, the supreme court of Wyoming has held, in *Grand Island & N. W. R. Co. v. Baker, supra,* that a board of county commissioners has no authority, in the absence of express statutory provisions therefor, to appear in an action and confess judgment against the county in favor of a plaintiff in such action, nor to authorize an attorney so to do.

It is urged that the authority of the parties who entered an appearance for the village in this action can not be inquired into in a proceeding of the nature of the present action, nor can the judgment rendered in another action be assailed in the manner attempted by this proceeding. We are mindful of the rule that in courts of general jurisdiction the proceedings taken, including questions of jurisdiction, are presumed to be regular and in conformity with law. Where, however, the record discloses the jurisdictional steps taken, and it is made to appear that no jurisdiction was acquired over the defendant, the rule invoked is rendered unavailing. If the court was without jurisdiction over the defendant, then the judgment rendered is void, and may be attacked as such by any one whose rights are affected by its rendition, and its invalidity shown in any action in which it may be called in question. It has been frequently held, upon principles appearing sound and wise, that an unauthorized appearance in a case, where no process has been served upon a defendant, and it has not been ratified or confirmed, is wholly void as to such defendant for whom such unauthorized appearance was made. *Kirschbaum v. Scott,* 35 Nebr., 199; *Kepley v. Irwin,* 14 Nebr., 300; *Shelton v. Tiffin,* 6 How. [U. S.], 163; 2 Ency. Pl. & Pr., p. 690, and numerous cases therein cited.

The other judgments, for the satisfaction of which the levy was made, save the one heretofore referred to, were entered under circumstances which, under the rule laid down in *Howell v. Gilt Edge Mfg. Co., supra*, render them void and without force or effect. The judgment of the district court should, therefore, stand affirmed, which is ordered accordingly.

AFFIRMED.