TRIMBLE & BLACKMAN, APPELLANTS, V. M. V. COREY & SON ET AL., APPELLEES.

FILED MARCH 21, 1907. No. 14,712.

1. **Judgments, Vacating:** JURISDICTION. The power of the district court to vacate or modify its own judgment or order after the term at which such judgment or order was entered should be exercised in the court where the judgment or order was entered, regardless of the residence of the parties.

2. ——: PLEADING: EVIDENCE. Where the allegations of a petition for a new trial under the provisions of sections 602, 603 of the code are traversed by general denial, it is error to vacate the judgment assailed by the petition without evidence to sustain the allegations of the pet'ion.

APPEAL from the district court for Clay county: ROBERT C. ORR, JUDGE. *Reversed.*

*T. H. Matters,* for appellant.

*J. C. Stevens, contra.*

JACKSON, C.

At a special term of the district court for Clay county the plaintiffs had a judgment by default on a lost note. Subsequently, and apparently after the adjournment of the special term, the defendants answered without leave of court. The answers were, in effect, general denials and the plea of the statute of limitations. At the next regular term the case came on for hearing upon a petition of the defendants for a new trial. The petition was entitled as in the original action, summons had been issued and served upon the plaintiffs, as well as upon their attorney of record, in a county other than the one where the action was pending. The petition was grounded upon the allegations that the judge of the district court had fixed terms for the county in February, April and November of the year in which the judgment was rendered; that after the commencement of the original action they employed coun-

sel to prepare and conduct their defense; that neither they nor their counsel were informed of the calling of a special term of court, and had no knowledge of the fact that such term had been convened or that proceedings were had at the special term until after the adjournment thereof; that because of the absence of one of the defendants their answers were not prepared and filed within the time fixed by the summons, and because of a custom and practice, recognized and indulged in by the members of the bar practicing at that court, that when pleadings were filed out of time the court granted leave, as a matter of course, to have them refiled; that the special term was called for the purpose of trying certain cases in which the judge of the district court was disqualified, and the judge of another district presided at the special term, and that the action against the defendants was not one of the cases assigned for trial at that time; that counsel for the plaintiffs represented to the court at the special term that the case was one of those to be disposed of at that time and thereby procured the judgment to be obtained. To the petition for a new trial the plaintiffs and their attorney entered a special appearance, urging that no petition to vacate the judgment had been filed as required by law, no summons had been issued as required by law, and that the plaintiffs and their counsel were all nonresidents of Clay county and were served in a county other than the county of Clay. They also filed a general denial to the allegations of the petition. The special appearance was overruled, and the defendants had a final order vacating the judgment rendered at the special term. The plaintiffs appeal.

It is urged, first, that the district court for Clay county had no jurisdiction over the subject matter; that the proceeding to vacate the judgment was an original action, and could only be brought in the county where the plaintiffs, or some of them, resided or were summoned. We do not think this position can be sustained. The proceeding is had under the provisions of sections 602 and 603 of the

code, where the district court is vested with power to vacate or modify its own judgments or orders after the term at which such judgment or order was made for fraud practiced by the successful party in obtaining the judgment or order. Manifestly the power of the district court to vacate or modify its own judgments or orders can only be exercised by the court in which the judgment or order was entered.

A more serious question, however, is presented by the record. The general denial put in issue every material allegation of the petition for a new trial. It is disclosed that no evidence was offered in behalf of the defendants to support the allegations of the petition. By section 605 of the code it is provided that the court may first try and decide upon the grounds to vacate or modify the judgment or order before trying or deciding upon the validity of the defense or cause of action. We are of the opinion that the court erred in vacating its judgment without evidence to support the petition. Submitted with the case, however, is a suggestion of a diminution of the record and an application to supply the record by filing an affidavit of one of the defendants, which from the application appears to have been on file in the district court in the action at the time the order vacating the judgment was entered, and which, it is said, would supply the necessary proof to support the order. If the affidavit were in the record it would not aid the appellees, because it could not be considered here unless it were incorporated into and preserved as a part of the bill of exceptions.

It is recommended, therefore, that the application to supply the record be denied, that the order appealed from be reversed, and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the application to supply the record is denied,

44

the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.