WILLIAM E. FOSTER v. JEANETTE L. FOSTER, APPELLEE: DAISY T. FOSTER, APPELLANT.

FILED DECEMBER 31, 1923. No. 22613.

1. **Divorce:** JURISDICTION. In an action for divorce, jurisdiction over the defendant may be acquired by personal service on the defendant within or without the state, or by his voluntary appearance in court, or by constructive service obtained in the manner provided in section 1520, Comp. St. 1922.

2. ———: CONSTRUCTIVE SERVICE. Under section 1520, Comp. St. 1922, constructive service may be obtained only when it is made to "appear to the satisfaction of the court by the affidavit of the petitioner or of his or her attorney that the petitioner does not know the address or residence of the defendant, and has not been able to ascertain either, after reasonable and due inquiry and search continued for three months after the filing of the petition." After such affidavit has been filed, the court or judge in vacation shall authorize notice by publication, to be given in the manner provided in other cases under the Code.

3. ———: VOID DECREE. Where a petition for divorce was filed June 29, 1920, and no service of summons had or appearance of the defendant, a decree entered August 18, 1920, reciting that "due and legal service by publication" has been had on the defendant is void.

4. **Judgment:** VOID JUDGMENT: VACATING. A void judgment may be set aside at any time upon motion made to the court.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Hoagland & Carr* and *C. G. Perry,* for appellant.

*Williams, Hurd & Neighbors, contra.*

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., SHEPHERD, District Judge.

DAY, J.

This action is based on an application of Daisy T. Foster to cancel and vacate an order of the district court setting aside and vacating a decree of divorce entered in favor of William E. Foster and against Jeanette L. Foster. The trial court overruled the application and the applicant, Daisy T. Foster, has appealed.

The record shows that on June 29, 1920, William E. Foster filed a petition for divorce against Jeanette L. Foster in the district court of Morrill county, Nebraska. On August 18, 1920, the court entered a decree granting the divorce as prayed for. The decree recited that the defendant had due and legal service by publication. The affidavit for publication service, the order for such service, or proof of service, do not appear in the record. In fact, the recitation in the decree that publication service had been had is the only mention made of service. It further appears that soon after the decree was rendered, William E. Foster removed to Baltimore, Maryland, where he was married on September 15, 1920, to Daisy T. Foster, the applicant herein. On November 20, 1920, William E. Foster died in Baltimore, Maryland.

On March 26, 1921, Jeannette L. Foster, defendant in the divorce suit, filed a motion to have the divorce decree set aside, on the grounds that there had been no service upon her; that she had no notice of the pendency of the suit; that the pretended service by publication was null and void; and that the court was without jurisdiction to enter the decree of divorce. Hearing was had upon this motion on April 5, 1921, the motion sustained, and the decree set aside and ordered stricken from the files. On this hearing the trial court found: "That there was a total failure of the service of process or other notice of the pendency of said action upon the defendant; that the court was without jurisdiction to render said decree as appears from the files and upon the face of the proceedings had in this court."

In making the order setting aside and vacating the decree it would seem that the action of the trial court was

clearly right. The record shows that the petition was filed on June 29, 1920, and 50 days thereafter the decree was rendered, based on a pretended service by publication. Section 1520, Comp. St. 1922, provides the manner of service of process in divorce actions. That section provides:

"No person shall be entitled to a divorce, unless the defendant shall have been personally served with process if within this state, or with personal notice duly proved and appearing of record, if out of this state, or unless the defendant shall have entered an appearance in the case; but if it shall appear to the satisfaction of the court by the affidavit of the petitioner or of his or her attorney that the petitioner does not know the address or residence of the defendant, and has not been able to ascertain either, after reasonable and due inquiry and search continued for three months after the filing of the petition, the court or judge in vacation shall authorize notice by publication of the pendency of the suit for divorce, to be given in the manner as provided in other cases under the Code of Civil Procedure."

Notwithstanding the recital in the decree that "due and legal service by publication" had been made, it is certain that it had not been so made. The date of the filing of the petition, and the date of the decree, clearly show that the requirements of the statute for obtaining service by publication had not been observed. These requirements of the statute are necessary to give the court jurisdiction, where service is sought to be obtained by publication. It seems clear from the record that the court had no jurisdiction to enter the original decree, and therefore the judgment was void and a nullity.

It is urged by the appellant that the court was without power to cancel and set aside its judgment of August 18, 1920, because more than six months had elapsed since the rendition of the judgment, and the order setting it aside; and also because in the meantime the plaintiff William E. Foster had died. We think this contention is without merit. The case is not one of a mere irregularity in the entry

of the decree. It is a void judgment for lack of jurisdiction o᾽ ᾽r the defendant.

A void judgment is in legal effect nothing. Such a judgment may be vacated at any time on motion for that purpose. A court may at any time clear its records of unauthorized and illegal entries. Abundant authority can be readily found supporting these views. *Hayes County v. Wileman,* 82 Neb. 669; *Heffner v. Gunz,* 29 Minn. 108; *Foreman v. Carter,* 9 Kan. 674.

From what has been said, it follows that the judgment of the trial court is right, and it is, therefore,

AFFIRMED.