ELLEN MARIE RASMUSSEN, APPELLANT, V. SOREN RASMUSSEN, APPELLEE.

FILED NOVEMBER 20, 1936. No. 29762.

*McGrath & McGrath*, for appellant.

*Hotz & Hotz, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and MESSMORE, District Judge.

CARTER, J.

This is an action brought by plaintiff to vacate and set aside an adoption proceeding by which the defendant purported to adopt plaintiff's child. The trial court denied the relief asked for and dismissed the petition. From this order, plaintiff appeals.

It appears from the record that plaintiff is the daughter of Soren Rasmussen, the defendant. On November 14, 1930, she became the mother of an illegitimate child, Georgine Elizabeth Rasmussen. On January 13, 1931, a decree of adoption was entered by the county court of Douglas county by which the defendant became the adoptive parent of the child. It is the contention of the plaintiff that the adoption proceedings were void for the reason that the consent to adoption executed by the plaintiff was not acknowledged as required by statute; that no service of summons was had

upon the plaintiff as required by statute; that the signature of plaintiff to the consent to adoption was obtained by the defendant by fraud and duress; and that it is contrary to the best interests of the child for the decree of adoption to stand and remain in force.

The question to be first determined is whether the district court has jurisdiction in such an action. It is apparent that the cause of action is primarily to vacate the decree of adoption rendered in the county court of Douglas county, and that the prayer of the petition that the custody, care and control of the child be given to the plaintiff is but an incident thereto.

We have come to the conclusion that a judgment may be vacated and set aside only by the court which rendered it. 15 Standard Ency. of Procedure, 203. In *Smithson v. Smithson*, 37 Neb. 535, 56 N. W. 300, this court held that the district court for Douglas county was without jurisdiction to vacate a void decree entered by the district court for Fillmore county.

A noted text-writer states the rule as follows: "The power to vacate judgments is an entirely different matter from the power to reverse judgments. It is a power inherent in and to be exercised by the court which rendered the judgment, and to that court and no other the application to set aside the judgment should be made." 1 Black, Judgments (2d ed.) sec. 297.

In *Trimble & Blackman v. Corey & Son*, 78 Neb. 639, 111 N. W. 376, this court said: "The proceeding is had under the provisions of sections 602 and 603 of the Code, where the district court is vested with power to vacate or modify its own judgments or orders after the term at which such judgment or order was made for fraud practiced by the successful party in obtaining the judgment or order. Manifestly the power of the district court to vacate or modify its own judgments or orders can only be exercised by the court in which the judgment or order was entered."

Also, in *State v. Westover*, 107 Neb. 593, 186 N. W. 998, this court said: "An action to set aside a judgment must be

brought in the court which rendered the judgment, otherwise the records of one court would be under the control of other courts of coordinate jurisdiction. A judgment is a matter of record, and can only be changed, set aside or modified by the court by whose authority the record is made, or by the direction of a court of higher jurisdiction in proceedings to review the judgment. If this were not so, chaos would result. *Ryan v. Donley,* 69 Neb. 623, 630; *Trimble & Blackman v. Corey & Son,* 78 Neb. 639; *Carlson v. Ray,* 104 Neb. 18."

The contention is made that the county court of Douglas county has lost jurisdiction of the case for the reason that the term at which it was entered has long since been closed. We do not believe that this contention has merit where a judgment absolutely void is involved. Every court possesses inherent power to vacate a void judgment, either during the term at which it was rendered or after its expiration. *Foster v. Foster,* 111 Neb. 414, 196 N. W. 702. This rule applies not only where there is a want of jurisdiction over the parties, but also where jurisdiction of the subject-matter is lacking. *Kaufmann v. Drexel,* 56 Neb. 229, 76 N. W. 559.

While it is true that one court may enjoin the levy of an execution based on a void judgment of another court, or act to cancel the apparent lien of a void judgment on the property of a defendant, yet it must be borne in mind that this is not a direct attack upon the purported judgment itself. It in no sense assails the court in which the judgment is rendered but is simply a proceeding *in personam.* "Equity in granting such relief merely deprives the judgment-creditor of the benefit of the judgment and of any equitable advantage derived thereunder." 15 Standard Ency. of Procedure, 260.

Assuming, but not deciding, that the decree of adoption is void as alleged by the plaintiff, we must necessarily come to the conclusion that the district court was without jurisdiction and that the trial court properly dismissed the action.

AFFIRMED.