GEORGE W. HASSETT, APPELLEE, v. JAMES D. DURBIN ET AL.: FRED A. BUCHFINCK, APPELLANT.

271 N. W. 867

FILED MARCH 9, 1937. No. 29893.

*Meeker & Curtis*, for appellant.

*Sterling F. Mutz* and *Clyde Anderson*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

PAINE, J.

This is a proceeding upon a motion to cancel a sheriff's deed and set aside the decree of foreclosure, sale, and confirmation, for the reason that service by publication was made upon the owner of the equity of redemption when he was a resident at the time of Ord, Nebraska. From a de-

cree denying such motion, an appeal was taken to this court.

In December, 1932, a petition for the foreclosure of a mortgage of $4,000 was filed by the plaintiff, George W. Hassett. Among the defendants named therein were Fred A. Buchfinck and his wife, Freda K. Buchfinck, and paragraph eight of the petition alleges that they claim a right, title, interest, or estate in said property, but that it is junior and inferior to the plaintiff's mortgage. The præcipe directed that a summons be issued for four of the defendants to be served in Chase county, Nebraska, but no service was made on the Buchfincks except by a newspaper publication, beginning December 15, 1932, and showing that answer day was January 30, 1933. On February 20, 1934, the decree of foreclosure was entered, and a return to the order of sale was made on April 11, 1934, and sheriff's deed was issued to the plaintiff.

On February 16, 1935, a motion was filed by Fred A. Buchfinck, asking that the decree of foreclosure, the sheriff's sale, and the order of confirmation be set aside and the sheriff's deed be canceled as void, for the reason that the defendant was not served with summons, and that at the time the notice by publication was given he was a resident of Ord, Nebraska, all of which was set out more fully in the affidavit attached to said motion, and a copy of said notice was served upon the plaintiff, George W. Hassett, who filed a demurrer challenging the sufficiency of the motion, which demurrer was overruled. A second demurrer was filed on November 18, 1935, setting out defects in the application to set aside the decree, and the motion to strike this demurrer was overruled, and an amended answer was thereupon filed by the plaintiff, alleging that no notice of the application to set aside said decree was served upon the other defendants in the case; that the motion does not state facts justifying a court of equity in setting aside the decree, in that it is not set out that the said Buchfinck has any defense to the action, or is ready and able to redeem the property from the mortgage, nor

does it show that the real estate is of sufficient value to pay the mortgage and leave any equity for the said Buchfinck. It was further set out in the amended answer that the plaintiff served the said Buchfinck by publication believing in good faith that he was a nonresident of Nebraska, for letters had been addressed to him in Colorado which had not been returned, and setting up other defenses to said motion.

For the purposes of this decision, this court will consider that the only issue in the case is whether the decree, sale, and sheriff's deed, based upon service by publication upon the holder of the record title, are void if it appears that he was a resident of the state at the time.

In the trial of the case oral evidence was introduced by said Buchfinck showing that he moved his family from Holyoke, Colorado, to Ord, Nebraska, on August 12, 1932, renting an apartment there, into which he moved his furniture, and at once bought out a restaurant in Ord, and as soon as he had painted and cleaned it up he engaged in the restaurant business at Ord, Nebraska, and was engaged in the same business at the time of this trial; that when he moved to Ord it was with the intention of establishing his residence there. That he purchased the south half of section 28-6-41, Chase county, in the fall of 1932, and recorded his quitclaim deed on October 14, 1932, which deed appears to be in the form of a special warranty deed, warranting against all claims and demands of the grantors therein.

The assignments of error of the trial court, in overruling the motion to vacate and set aside the decree, sale, and deed, are on the ground that the judgment is contrary to the law and contrary to the evidence.

Every resident of Nebraska is entitled to notice before being divested of his property, and service by publication may only be had on defendants, and the court can acquire jurisdiction of a defendant only as provided by statute. *Herman v. Barth*, 85 Neb. 722, 124 N. W. 135; *German Nat. Bank v. Kautter*, 55 Neb. 103, 75 N. W. 566; *Wagner v. Lincoln County*, 80 Neb. 473, 114 N. W. 574; *Scott v. McNeal*, 154 U. S. 34.

Proceedings taken in courts of general jurisdiction are presumed to be regular and in conformity with law, but when it is made to appear that no jurisdiction was acquired over the defendant, then the judgment rendered is void, and its invalidity may be shown in any action in which it may be called in question. *Chicago, B. & Q. R. Co. v. Hitchcock County,* 60 Neb. 722, 84 N. W. 97; *Topliff v. Richardson,* 76 Neb. 114, 107 N. W. 114.

Even though the decree recites that due and legal service by publication has been made, if it appears that the court has no jurisdiction to enter such original decree the judgment is void and a nullity. *Foster v. Foster,* 111 Neb. 414, 196 N. W. 702.

A void judgment may be entirely disregarded upon having its jurisdictional infirmity exposed. Proceedings in equity are peculiarly appropriate for the exposure of this infirmity, and after full opportunity has been given to those who seek to sustain as well as to those who seek to avoid the judgment, if it satisfactorily appears that the defendant was not summoned, and had no notice of the suit, a sufficient excuse is shown for his neglect to defend, and equity will not allow the judgment, if unjust, to be used against him, no matter what jurisdictional recitals it contains. 3 Freeman, Judgments (5th ed.) sec. 1228. See, also, *Kaufmann v. Drexel,* 56 Neb. 229, 76 N. W. 559; *Rasmussen v. Rasmussen,* 131 Neb. 724, 269 N. W. 818.

As to the person against whom a void judgment is rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril. As to third persons, it can neither be a source of title nor an impediment in the way of enforcing their claims. It is not necessary to take any steps to have it reversed, vacated, or set aside. But whenever it is brought up against the party, he may assail its pretensions and show its worthlessness. It is supported by no pre-

sumptions, and may be impeached in any action, direct or collateral. It is quite different from a "voidable" judgment, which, though not a mere nullity, is liable to be made void when the proper steps have been taken to have its invalidity declared. 1 Black, Judgments, 248.

In the case of *Hayes County v. Wileman*, 82 Neb. 669, 118 N. W. 478, an action was brought to foreclose a tax lien, and the defendant was served only by publication, although he was a resident of Clay county, Nebraska. The case proceeded to a sheriff's deed, the same as in the case at bar, whereupon the defendant filed a motion to open up the decree, and Commissioner Duffie reversed the trial court and held that a judgment rendered on service by publication against a resident of this state on whom personal service might have been had was absolutely void; that such void judgment was in legal effect nothing; that all acts performed under it are void, and that such judgment may be vacated at any time on a motion made for that purpose by an interested party, and that section 82 of the Code (now section 20-525, Comp. St. 1929) has no reference to a void judgment. It was also held that, the decree of foreclosure and all the proceedings thereunder being absolutely void, the plaintiff need not pay the costs of the proceedings to remove the cloud.

"A void judgment, order or decree, in whatever tribunal it may be entered, is, in legal effect, nothing. 'All acts performed under it, and all claims flowing out of it, are void.' Hence, a sale, based on such a judgment, has no foundation in law. It must certainly fall." Freeman, Void Judicial Sales, 6, sec. 2. See, also, *Payne v. Anderson*, 80 Neb. 216, 114 N. W. 148.

In our opinion, the authorities do not support the decree of the trial court, and the same is reversed, and it is directed that the decree of foreclosure and all proceedings thereunder be vacated and set aside as to appellant Fred A. Buchfinck.

REVERSED.

ROSE, J., dissenting.

Fred A. Buchfinck, appellant, presented to the district court a motion to set aside the decree of foreclosure, the sheriff's deed to plaintiff under the judicial sale of the mortgaged land and the confirmation of the sale and deed, though these judgments were perfectly valid as to all other litigants. In the respects indicated the motion was wholly without merit and could not be sustained as made. There was therefore no error in the order overruling the motion. It follows that the judgment from which the appeal was taken should be affirmed in its entirety instead of reversed in part.

The judgment from which the appeal was taken should be affirmed for the further reason there is no pleading in the record to support a judgment for any relief sought by appellant. Neither his motion nor any pleading in a different form shows any property right or interest or wrong calling for judicial relief. An utter stranger having no interest in litigated matters and not being a party to the cause of action, but prompted wholly by curiosity, would not be entitled to invoke the aid of a court of law or equity to set aside a judgment merely because it is void. A party seeking to set aside a judgment that is void for want of jurisdiction should state facts showing some right to be restored or some wrong to be redressed. An implied propensity for litigation is not sufficient. Appellant did not plead a legal or an equitable interest in excess of the adjudicated liens on the land, or a right of possession or a right to rentals or a right to dispossess plaintiff or a means of redemption or a purpose to pay delinquent taxes and principal and interest due plaintiff. Appellant did, however, testify he owned the land but this amounted to no more than his quitclaim deed from his brother without a showing that his brother had title to convey. On such a record it is not the duty of a court of law or equity to set aside even a void judgment. It seems to me the district court ruled properly and that the reversal is wrong.

GOOD, J., concurs in this dissent.