NORMA R. RISK, APPELLANT, V. DIRECTOR OF INSURANCE
ET AL., APPELLEES.

3 N. W. (2d) 922

FILED MAY 22, 1942. No. 31284.

*Tyler & Frerichs,* for appellant.

*Peterson & Devoe* and *Chauncey E. Barney, contra.*

Heard before SIMMONS, C. J. ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This action was originally a proceeding before the insurance commissioner of the state of Nebraska, attacking the validity of a reinsurance agreement between appellee companies. Objections were filed to the jurisdiction of the said commissioner over the subject-matter. The objections were sustained and the petition dismissed. Appeal was taken to the district court, where the objections to jurisdiction were again sustained and the appeal dismissed, from which ruling Norma R. Risk appeals.

The petition on appeal was filed in the district court for Lancaster county by Norma R. Risk, plaintiff, on August 3, 1939, and, while of considerable length, will be briefly summarized by stating that it alleged that on September 30, 1937, the American States Life Insurance Company, a mutual legal reserve insurance company, a Nebraska corporation, issued a $10,000 policy of insurance upon the life of plaintiff, Norma R. Risk. After the issuance of said policy, the name of the insurance company was changed to American Annuity Assurance Company.

It is further alleged that on June 1, 1938, there was submitted to the director of insurance of Nebraska a reinsurance contract between said American Annuity Assurance Company and the Republic National Life Insurance Company, of Dallas, Texas, by the terms of which said American Annuity Assurance Company reinsured with the Republic National Life Insurance Company all of its outstanding policies and contracts of insurance, including "thrift policies," and said Republic National Life Insurance Company assumed the liability of said American Annuity Assurance Company upon every policy and contract of insurance including "thrift policies," issued by said American Annuity Assurance Company and then in force.

In support of the application made to the commissioner of insurance of Nebraska, it is alleged there was submitted the purported reinsurance contract, together with the sworn certificate of the secretary of said American Annuity Assurance Company, setting out verbatim the purported minutes of the annual meeting of said company which was held on February 17, 1938, and of subsequent adjourned sessions of said annual meeting which were purported to have been held on March 28, 1938, and May 31, 1938; that the minutes of March 28, 1938, contained the following: "President Hutson then announced that the Company had not as yet completed its negotiations with the Modern Life Insurance of Saint Paul, Minnesota, or the Republic National Life Insurance Company of Dallas, Texas, or with other companies that are under consideration that because of the lack of time to consummate a favorable reinsurance contract, it would be desirable if said adjourned annual meeting be further adjourned for the purpose of consummating a reinsurance contract with some reputable company, if the same were found desirable by the respective Companies and the same approved by the Department of Insurance of the State of Nebraska. It was then moved * * * that the annual meeting of the members of said Company be further adjourned until May 31, 1938, * * *. The president announced that the motion was unanimously carried."

Plaintiff alleges that it was not announced at said adjourned meeting of March 28, 1938, that the American Annuity Assurance Company was negotiating with the Modern Life Insurance Company of St. Paul, Minnesota, or the Republic National Life Insurance Company of Dallas, Texas, and no adjournment was taken until May 31, 1938, for the purpose of approving and adopting a reinsurance contract with some reputable life insurance company, and that, on the contrary, there was presented at that meeting a reinsurance contract between the Modern Life Insurance Company of St. Paul, Minnesota, and said American Annuity Assurance Company, by the terms of which all of the outstanding policies and contracts of insurance of said American Annuity Assurance Company, including "thrift policies," would be reinsured by said Modern Life Insurance Company, and at said meeting on March 28 said proposed reinsurance contract was ratified and approved, subject to the approval of the department of commerce, division of insurance, of the state of Minnesota, and the approval and ratification of same by the board of directors of said Modern Life Insurance Company.

The plaintiff further alleges that on March 28, 1938, I. J. Good, secretary of the American Annuity Assurance Company, subscribed a written certificate, attached to the petition as exhibit A, certifying to the action taken at the annual meeting on said date, and that the department of insurance of Nebraska be notified of the ratification and approval of said reinsurance contract by the members of said company, and that the officers of said company be directed to enter into and consummate the contract for reinsurance and carry out the orders of the department of insurance relating thereto.

Plaintiff further alleges that, upon consideration of the application, the proposed reinsurance contract between said American Annuity Assurance Company and the Modern Life Insurance Company of St. Paul, Minnesota, was disapproved by the department of commerce, division of insurance, of Minnesota, and all proceedings to consummate the

said reinsurance contract were thereupon discontinued.

It is further alleged that thereafter the officers of the American Annuity Assurance Company entered into negotiations with the Republic National Life Insurance Company of Dallas, Texas, and on June 1, 1938, entered into a reinsurance contract with said company, and presented the same to the director of insurance of Nebraska for approval, and that in support of its application it caused a record to be made as quoted in part above, and further caused the following record to be made: "President Hutson then submitted the proposition of reinsuring and consolidating the American Annuity Assurance Company of Omaha, Nebraska, with the Republic National Life Insurance Company of Dallas, Texas, as provided for in the reinsurance contract, previously approved by the Board of Insurance Commissioners of the State of Texas. After full discussion and consideration of said reinsurance agreement, it was moved * * * that the reinsurance contract be ratified and approved."

Plaintiff alleges that, in truth and in fact, no meeting of the members was ever held at which said proposed reinsurance contract with the Republic National Life Insurance Company was presented, and that no vote of the members for approval or rejection of said reinsurance contract has ever been held, and that said reinsurance contract was made and entered into wholly without the authority of the members of said company.

Plaintiff further alleges that the director of insurance of Nebraska, relying upon the sworn certificate of the purported proceedings at said purported meeting of May 31, 1938, and being misled thereby, and believing that all of said proceedings were regular, entered an order on June 1, 1938, approving the reinsurance contract between the American Annuity Assurance Company and the Republic National Life Insurance Company; that the said director of insurance was without jurisdiction to enter said order, and the order is null and void and should be set aside, and plaintiff prays that the order be rescinded, canceled, set aside and held for naught, that all of the assets transferred to the said Repub-

lic National Life Insurance Company be returned to the state of Nebraska, under the direction and control of the director of insurance, and that a meeting of the members of said American Annuity Assurance Company be called for the purpose of ratifying or rejecting the proposed reinsurance contract, or of otherwise disposing of the assets, business and affairs of said American Annuity Assurance Company as the members of said company may lawfully direct.

The transcript shows that thereafter and on October 24, 1939, the American Annuity Assurance Company and the Republic National Life Insurance Company filed objections to jurisdiction of the court over the subject-matter and motion to dismiss, showing that on June 1, 1938, there was submitted to the director of insurance of Nebraska a reinsurance contract between the American Annuity Assurance Company of Omaha and the Republic National Life Insurance Company of Dallas, Texas, and that thereafter the director of insurance entered an order approving said reinsurance agreement; that on June 20, 1938, an appeal from said order was filed by Ralph J. McKinney for himself and all other policyholders of said American Annuity Assurance Company similarly situated, and on July 20, 1938, one Clyde D. Willson filed petition in intervention in said appeal as a policyholder of said company and on behalf of all others similarly situated; that on September 9, 1938, the district court for Lancaster county entered a decree dismissing the petition of Ralph J. McKinney and the petition in intervention of said Clyde D. Willson; that said decree entered on said petition and petition in intervention has never been appealed from, and is now final and conclusive on all of the policyholders of said American Annuity Assurance Company, and that said department of insurance and the district court have lost all of their jurisdiction by reason of said appeal to enter any other or further orders connected with said reinsurance agreement; that all of the issues sought to be raised by the petition on appeal have been fully litigated and determined, and the decree of the district court has become *res judicata* with respect to all of such issues, and the American

Annuity Assurance Company and the Republic National Life Insurance Company each and severally move the court to dismiss the appeal. On March 29, 1941, order was entered sustaining said objections to jurisdiction and dismissing the appeal of Norma R. Risk at her costs.

At the trial held in district court on February 27, 1941, the bill of exceptions consists only of the record made by the attorneys in the introduction of 11 exhibits, as follows: (1) Petition on appeal of Ralph J. McKinney; (2) order approving reinsurance agreement, signed by C. Smrha, director of insurance; (3) petition of intervention of Clyde D. Willson; (4) decree entered by John L. Polk, district judge, September 9, 1938; (1-a) certified copy of reinsurance agreement; (5) transcript of proceedings before director of insurance; (6) petition on appeal of Norma R. Risk; (7) petition of Ralph J. McKinney to vacate judgment; (8) answer of two insurance companies; (9) reply of Ralph J. McKinney; (10) decree of E. B. Chappell, district judge.

From this record before us, the appellant argues that the order made on June 1, 1938, by the director of insurance of the state of Nebraska, approving a purported contract for consolidation of the American Annuity Assurance Company of Omaha with the Republic National Life Insurance Company of Dallas, Texas, was based upon a false record; that in the office of the director of insurance one record before him shows that the adjourned meeting of March 28, 1938, was again adjourned to May 31, 1938, while the other record shows that it was not so adjourned; that its business was finally completed on March 28, 1938, which later record is charged by appellant to be the true record, and shows that at the final adjourned session of the annual meeting held on March 28, 1938, the contract to reinsure the Omaha company in the Modern Life Insurance Company of St. Paul, Minnesota, was approved, but when it was later disapproved by the insurance department of the state of Minnesota, it is charged by appellant that false records were made, showing a further adjournment of the annual meeting from March 28, 1938, to May 31, 1938, at which date the purported minutes

show that a new arrangement had been made to have the American Annuity Assurance Company taken over by the Republic National Life Insurance Company of Dallas, Texas, and this action was approved on May 31, 1938, and it is charged that the department of insurance had no jurisdiction to act in the matter at all, for proper notice had not been given to the stockholders and policyholders, no meeting was held, and the approval of the department of insurance was secured by a fraudulent record, and no opportunity has ever been given for this fact to be brought out in a hearing or trial.

In opposition to this argument, it is insisted by appellee that an appeal from the action of the director of insurance was taken to the district court for Lancaster county by Ralph J. McKinney, the petition on appeal being filed June 20, 1938, and on July 20, 1938, Clyde D. Willson filed a petition in intervention, alleging that a pretended contract of reinsurance was entered into on June 1, 1938, between the Republic National Life Insurance Company of Dallas, Texas, and the said Omaha company, which purported contract was submitted to the director of insurance of Nebraska, who approved the same on June 1, 1938, although said Texas company in point of assets is much smaller than the Nebraska company, and is less than two years old. Appellee contends that a disposition of that case settles the case at bar.

An examination of the decree entered by Judge Polk on September 9, 1938, in the McKinney appeal, being exhibit No. 4 in the case at bar, shows that the parties had entered into an agreement between themselves, wherein they had settled all matters raised on the appeal and the petition of intervention, and further shows that the Republic National Life Insurance Company shall pay to William H. Wright and Jackson B. Chase, attorneys for Ralph J. McKinney and Clyde D. Willson, for services rendered and expenses and costs, the total sum of $5,000, and the decree was thereupon entered in accordance with the agreement of the parties, being in all respects a consent decree without trial.

This court in the recent case of *McArthur v. Thompson*, 140 Neb. 408, 299 N. W. 519, held as follows:

" 'When a decree or judgment is made by consent of the parties, the court does not inquire into the merits or the equities of the case. The only questions to be determined by it are whether the parties are capable of binding themselves by consent, and whether they have actually done so. These two facts appearing, the court orders the judgment or decree to be entered.' 14 Standard Ency. of Procedure, 919.

"A judgment by consent constitutes the agreement of the parties, and is simply made a matter of record by the court at their request. Although purporting to be, it is not, strictly speaking, the act of a court, but rather the act of the parties to the suit. This feature imposes some restrictions upon the right to amend, and upon the right to appeal from such a judgment. It is not a judgment upon the merits."

"A judgment by consent of the parties is a judgment the provisions and terms of which are settled and agreed to by the parties to the action in which it is entered, and which is entered of record by the consent and sanction of the court. It is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; it is the agreement of the parties, entered upon the record with the sanction and approval of the court, and is their act rather than that of the court." 34 C. J. 129.

In the opinion of this court, such a consent decree would not be binding on any of the policyholders or stockholders, except Ralph J. McKinney and Clyde D. Willson.

If in the case at bar it is found, when the evidence is adduced, that the further record of an adjournment of the annual meeting to May 31, 1938, was false, then it is difficult to see how approval of this consolidation was made at a special or an annual meeting, as required by section 44-414, Comp. St. 1929, for a contract for reinsurance and merger of a mutual insurance company must be submitted to the members at an annual meeting, or a special meeting called for that purpose, with 30 days' notice to the members, and said

steps are jurisdictional requirements.

This court has held that the service of notice of the time and place of meeting and of the proposition to be submitted, provided by statute to be sent to each person entitled to vote, through the mail, directed to his last known address, was a reasonable and practicable one and suited to the nature of the proceedings. See *Leininger v. North American Nat. Life Ins. Co.*, 115 Neb. 801, 215 N. W. 167; 10 Neb. Law Bulletin, 516; *Baldwin v. Burt*, 2 Neb. (Unof.) 377, 96 N. W. 401.

"To speak of the vacation or modification of a void judgment is a perversion of language. There being no judgment, but the mere form and counterfeit of a judgment, there is nothing to modify or annul. 'A void judgment,' says Mr. Freeman (Freeman, Judgments (4th ed.) sec. 117), 'is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void.'" *Kaufmann v. Drexel*, 56 Neb. 229, 76 N. W. 559.

This court held in *Hassett v. Durbin*, 132 Neb. 315, 271 N. W. 867: "A void judgment is in reality no judgment at all. It does not bind the person against whom it is rendered. It may be impeached in any action, direct or collateral."

If upon a trial the evidence supports the allegations of appellant's petition, then a fraud was committed.

This court has reached the conclusion that the facts alleged bring the matter within the jurisdiction of the director of insurance, and the order of the district court sustaining the plea to jurisdiction and dismissing the appellant's appeal is therefore reversed and the case is remanded for further proceedings in accordance herewith.

REVERSED.