DAVID O. LUSE, APPELLANT, V. ENOCH W. RANKIN ET AL., APPELLEES.

FILED FEBRUARY 9, 1899. No. 8696.

1. **Jurisdiction: JUDGMENT.** A judgment rendered against a party upon whom process has not been served, and who has not submitted to the jurisdiction of the court, is unauthorized and void.

2. **School Lands: LEASES.** When the state accepts a statutory application for a lease of school lands, and issues its receipt in due form for an installment of rent paid by the applicant, antecedent conditions being performed, a binding and enforceable contract is created.

3. ——: **IMPROVEMENTS: WAIVER.** One who has occupied and improved school lands of the state waives his right to compensation for the improvements by electing to remove them.

4. ——: **LEASES: RESULTING TRUSTS.** One who has obtained a lease from the state, with actual or constructive notice of another's prior claim thereto, will be treated as holding such lease in trust for the person who is equitably entitled to receive it.

5. **Agency: STATE.** The state is bound by the acts of its authorized agents done within the scope of their authority.

6. **School Lands: APPRAISEMENT.** A reappraisement of school lands which has neither been authorized nor approved by the board of educational lands and funds is absolutely void.

7. **Review.** A finding of the trial court unsupported by any evidence will be set aside.

APPEAL from the district court of Blaine county. Heard below before THOMPSON, J. *Reversed.*

*John S. Kirkpatrick* and *L. E. Kirkpatrick,* for appellant,

*Sullivan & Gutterson, contra.*

SULLIVAN, J.

This is an action by David O. Luse against Enoch W. Rankin and J. R. Loughran to obtain the cancellation of a school-land lease and for general relief. The members of the board of educational lands. and funds are named as parties defendant in the petition, but they were not served with process and did not formally submit to the jurisdiction of the court. The decree against them was therefore unauthorized. The facts essential to an understanding of the controversy between the other parties to the litigation are these: The real estate in question is a section of school land in Blaine county. For some time prior to 1890 it had been occupied by the defendants without permission of the state. They were squatters and used the land for pasturage. Rankin had erected a sod house and stable and Loughran had built a wire fence; otherwise the premises were unimproved. Under the authority of the state an appraisement had been made by the county commissioners and had been duly approved. In this appraisement the valuation fixed upon Loughran's fence was $13.90. The sod house and stable were not taken into account. No estimate was made of their worth. On April 23, 1890, all the school lands in Blaine county were offered for sale pursuant to notice previously given. The commissioner of public lands and buildings attended the sale. The section in dispute was not sold and the plaintiff made application in due form to lease it. The commissioner was in the office of the county treasurer when the application was filed and the first installment of rent paid. He said the lease would be forwarded in due time. The treasurer issued a receipt in the usual form. The appraised value of the wire fence was not paid to the county treasurer, but was, at the suggestion of the commissioner, tendered to Loughran, who refused to receive it. The plaintiff took immediate possession of the leased premises. January 30, 1891, he paid to the county treasurer the

second installment of rent and took a receipt therefor. The lease was never issued, nor the money paid to the county treasurer refunded. The plaintiff's application for a lease has mysteriously disappeared. As to what has become of the money paid by him the record is mute. February 14, 1891, Rankin applied to the commissioner for a lease of the entire section and received it. Loughran, in the following August, acquired an interest in a part of the premises by an assignment from his co-defendant. The decree of the trial court was in favor of the plaintiff as against Loughran, but in favor of Rankin as to the part of the land not included in the assignment.

Luse is entitled to a decree against both defendants. He dealt with the authorized agent of the state and made a valid contract for a lease. This contract was in writing. It consisted of the application and the receipts. It was specifically enforceable. (*Fery v. Pfeiffer*, 18 Wis. 535; *Seaman v. Aschermann*, 51 Wis. 678; *McCarger v. Rood*, 47 Cal. 138; *Wallace v. Scoggins*, 17 Ore. 476.) The defendants knew of its existence, and they were warned by plaintiff's possession that he claimed rights in the land. The lease to Rankin was subject to the plaintiff's prior equities.

It is contended that the failure of Luse to pay to the treasurer the appraised value of the wire fence was a condition precedent to the right to receive a lease. That argument has no weight, except as to the particular subdivision upon which the fence stood; and as to that tract it is without force, in view of the fact that Loughran elected to remove the fence and thereby waived his right to compensation.

Another argument in favor of the validity of the Rankin lease is that there was a reappraisement of a part of the premises on May 28, 1890, resulting in an increased valuation, which then became the only lawful basis for a lease. This contention is grounded upon an alleged reappraisement of lot 3, which, it is claimed, resulted in

fixing the value of the sod house and stable at $25. In regard to this point it should be remarked that it was beyond the power of the board of educational lands and funds to order a revaluation of the property, or to do anything else impairing the rights of the plaintiff as fixed by the contract made on April 23, 1890. The state, like an individual, is bound by the acts of its agents within the scope of the agency, and, like an individual, it must stand to and perform its engagements, whether they be advantageous and provident or otherwise. If the agents of the state failed to appraise the sod house and stable on lot 3, it was not the plaintiff's fault; that did not abrogate the contract or justify a forfeiture of the payment made by Luse in fulfillment of its conditions. The state was as firmly obligated to make and deliver the lease as Luse was to receive it and pay the stipulated rental. Agreements with public corporations are not unilateral nor exclusively dependent for their enforcement upon moral sanctions. They are within the cognizance of the courts. But there is in the record no competent evidence that there was an authorized reappraisement. The finding of the trial court on that issue is unsustained by the evidence. It rests entirely upon a document found in the office of the commissioner of public lands and buildings. This paper professes to be a reappraisement of lot 3 made by the original appraisers in May, 1890, after one of them had ceased to be a commissioner of Blaine county. It is indorsed: "Approved Aug. 4, 1890. J. S." This indorsement was made by John Steen, who at the time was commissioner of public lands and buildings. There is nothing, however, to indicate that the first appraisement was rejected or disapproved in whole or in part, or that the board of educational lands and funds ordered or approved the alleged reappraisement. The commissioner could not override the previous action of the board ratifying the original appraisement. Authority to cause appraisements to be made, or to ratify them, is not given to him

by the statute, but to the board of which he is, *ex officio,* a member.

Our conclusion is that the defendants hold the lease in trust for the plaintiff and should assign it to him. An account should be taken between the parties. The defendants should be charged with the use value of the land occupied by them and credited with payments made upon the lease. If there be found a balance in their favor, the assignment should be conditioned upon its payment. The judgment is reversed and the cause remanded with direction to the district court to render a decree conforming to these views.

REVERSED AND REMANDED.

HARRISON, C. J., not sitting.