BURTON RICE, APPELLANT, v. HUGH A. ALLEN ET AL., APPELLEES.

FILED JUNE 3, 1903. No. 12,725.

1. **Fraudulent Conveyance: HUSBAND AND WIFE: BURDEN OF PROOF.** The rule that conveyances between husband and wife whereby creditors are delayed in the collection of their debts will be closely scrutinized, does not throw upon the wife the burden of proving the good faith of conveyances to her made by third parties, where it is not made to appear that the husband purchased the property or that his funds were used in payment.

2. **Void Judgment.** Where a judgment is void for want of jurisdiction over the person of the defendant, the latter may wait until an effort is made to enforce the judgment, before instituting proceedings to have such judgment voided or set aside.

3. ———: EQUITY. A judgment was rendered against the defendant in Douglas county without service of summons upon him. It was transcribed to Holt and other counties and allowed to become dormant. Proceedings of revivor were commenced in Douglas county and defendant was personally served with notice, but he made no appearance. The judgment, after revivor, was transcribed and made the basis of an action in the nature of a creditor's bill in Holt county. It appeared that the judgment was not only wholly

void, but that defendant was not indebted to the plaintiff at the time of its rendition. *Held*, That the judgment was a cloud on the title to defendant's lands, which a court of equity has power to remove.

4. **Revivor of Void Judgment.** Where a judgment, apparently valid upon its face, is void for want of service upon the defendant, and subsequently such judgment becomes dormant, it is not validated by personal service upon the defendant of an order of revivor, to which no appearance is made.

5. **Evidence.** Evidence examined, and found sufficient to sustain the findings and judgment of the trial court.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, DISTRICT JUDGE. *Affirmed.*

*E. H. Benedict,* for appellant.

*Michael F. Harrington* and *R. R. Dickson, contra.*

KIRKPATRICK, C.

This suit grows out of the following matters: In 1887, appellant, Burton Rice, resided in Holt county, and gave a mortgage on a one-half section of land owned by him for $1,400. The loan was negotiated by Hugh A. Allen, appellee, who was acting as the agent of some investment company. Some months after the loan was negotiated, appellee, Allen, examined the land and found it to be of very little value. About this time appellant removed from the land and located in South Omaha, and about the same time, and on September 20, 1887, he and his wife executed a quitclaim deed in blank for the premises, with an expressed consideration of $3,000. This deed was delivered to appellee, Hugh A. Allen, with the understanding that he was to sell or trade the premises for whatever he could get above the amount of the mortgage, and whatever he obtained was to be divided with appellant, Rice. Some time after appellee, being unable to dispose of the land, sent the quitclaim deed to one Lusk, in Omaha, for Lusk to attempt to dispose of the land. Lusk, it appears, traded the quitclaim deed for an equity in some lots in the outskirts

of Omaha which were incumbered for much more than they were worth. Subsequently, appellant agreed to make a trade of the land to Herman E. Cochran and Elbert H. Cochran, who were real estate dealers in Omaha, and doing business under the firm name of Cochran Brothers. On writing to Holt county to get an abstract, appellant ascertained that the land had been disposed of, and in the fall of 1888 he commenced a suit in the district court for Douglas county, making the Cochrans and Hugh A. Allen, appellee, defendants. The record discloses that a summons for appellee, Allen, was sent to the sheriff of Holt county for service, and was duly returned showing personal service upon Allen. It is further disclosed that an attorney, by the name of Williams, appeared in the action claiming to represent Allen. Such proceedings were afterwards had that on the 13th of March, 1890, a judgment was rendered against Allen, for $3,400 and costs, and shortly afterwards the action was dismissed as to the Cochrans. Subsequently, and in September of the same year, a transcript of this judgment was filed in the district court for Holt county. No execution having been issued, the judgment became dormant, and in the fall of 1900 application was made in the district court for Douglas county, to revive it. Upon this application a conditional order of revivor was made, and personal service upon Allen had, who, however, made no appearance, and on December 10, 1900, an order of revivor was duly entered.

In January, 1901, this suit, in the nature of a creditor's bill, was instituted in the district court for Holt county against Hugh A. Allen, his wife and other persons, appellees, to set aside, as fradulent, deeds made by third parties to Mrs. Allen for a large amount of land in Holt county, upon the ground that the land was in reality the land of Hugh A. Allen and that title had been taken in the name of Mrs. Allen to prevent the collection of the judgment of appellant. The petition is in the usual form, and in additional allegations the revivor of the judgment is set out. Separate answers were filed by Hugh A.

Allen and Mary E. Allen, his wife, each denying all allega-
tions in the petition not expressly admitted.   The answer
set out the proceedings in the district court for Douglas
county, alleging that the same were a fraudulent con-
spiracy between appellant, Rice, and the Cochrans; alleged
that no service or summons was ever made on appellant
Allen; that the proceedings were void; and that the ap-
pearance made in the case by Williams was a part of the
conspiracy; that he was unknown to appellee, Hugh A.
Allen, and had never been employed or authorized to ap-
pear in any way by him.   The answers also alleged, that
the judgment and *lis pendens* notices that had been filed in
Holt and some other counties were a cloud upon the title
to the land owned by Mrs. Allen; that Rice intended and
was about to institute other suits to collect the judgment.
The answers closed with a prayer for an injunction, and a
decree removing the cloud and quieting the title.

To the answers of Hugh A. Allen and his wife, there was
filed a reply, which among other things pleaded that Hugh
A. Allen should have appeared in the revivor proceedings
and set up the invalidity of the judgment, and having failed
to do this, he was concluded by the judgment of revivor;
that it was *res adjudicata* as to these proceedings, and that
any relief he might otherwise have been entitled to, was
barred by the statute of limitations.   Trial was had re-
sulting in a finding and judgment for appellee, perpetu-
ally enjoining any attempt to collect the judgment, remov-
ing the cloud cast by the judgment from the title of ap-
pellee, and that appellant pay the costs.   From this judg-
ment an appeal is prosecuted to this court.   It is disclosed
by the record that the conveyances which are alleged to be
fraudulent, were conveyances made by third parties to
Mary E. Allen, the title to such land never having been in
the husband, Hugh A. Allen.   Under this state of the
record, appellant contends that the burden of proof is
upon the wife to show the good faith of such conveyances.
The trial court held otherwise, and placed the burden of
proof upon appellant to show that the conveyances were

in fraud of creditors. This is the first error assigned. The rule is well settled in this state, that:

"Transactions between husband and wife in regard to the transfer of property from him to her, by reason of which creditors are prevented from collecting their just dues, will be scrutinized very closely, and it must clearly appear that such transfers were made in good faith and for value." *First Nat. Bank v. Bartlett,* 8 Neb. 319.

But this rule has no application to conveyances made by third parties to the wife, no showing being made that the husband purchased the property or that any of his funds were used in payment. In such case the burden is upon parties alleging fraud to establish it by evidence. The authorities cited by appellant upon this branch of the case are not in point, and do not support the contention made. The appellant having wholly failed to sustain the charge of fraud in the conveyances to the wife by any evidence, it follows that the judgment of the trial court as to defendant, Mary E. Allen, is beyond question right, and must be affirmed.

It is further contended, that the finding of the trial court, that Hugh A. Allen was never served with summons in the proceedings in the Douglas county district court, is unsustained; and that there was error in the finding that the appearance of the attorney, Williams, was unauthorized, and the judgment void. It may be remarked that the judgment referred to is made beyond question to appear to be wholly and entirely without equity. It appears that at the time Rice, appellant, obtained the loan of $1,400, the land was worth not to exceed $1,000. Appellee seems to have made an honest effort to find a purchaser for the premises who would pay the interest on the loan; fearing that the fact that he had made a loan of $1,400, on land not worth to exceed $1,000, would reflect on him; although it was disclosed that he was not the examiner, and never saw the land until long after the loan was made. But he was unable to sell the land and never received anything for it, and, at the time appellant recovered

the judgment against him for $3,400, Allen was not in any way indebted to him in any sum.

Appellee testifies that no summons was ever served upon him, and that he had no knowledge of the proceedings of the Douglas county district court until long after the judgment was entered. This evidence was in no way contradicted. The sheriff was not called to sustain his service, although it was disclosed where he resided, and that his deposition might have been taken. Again, appellee testifies positively that he never authorized Williams to appear, and questions whether there was in fact such a person. Soon after he learned that judgment was entered against him, he made inquiries both in Omaha and South Omaha, and was unable to find any such person. It is made to appear that soon after the judgment was entered, the action was dismissed as to the Cochrans, and this fact makes all the more credible the contention of appellee that the entire transaction was a fraud perpetrated in the most deliberate manner. Courts of equity can not lend their aid to the enforcement of judgments so clearly fraudulent as that which is the basis of the creditor's bill in this case. It is clear that the testimony of appellee, supported as it is by the circumstances indicated, is amply sufficient to sustain the finding of the trial court in this regard.

It is contended that even though no service was had upon appellee, and no authorized appearance by him in the proceedings in the Douglas county court, yet, personal service of the order to show cause why the judgment should not be revived against him, having been served upon him, and he having failed to appear in the revivor proceedings, he is now concluded by the order of revivor. We are unable to find merit in this contention. A number of cases are cited to this point. Our examination of them convinces us that they do not sustain the contention made. Among these cases are, *Enewold v. Olsen,* 39 Neb. 59, and *Wittstruck v. Temple,* 58 Neb. 16. In each of these cases, the judgment being considered showed upon its face that it

was void for want of proper service, while the judgment of the district court for Douglas county under consideration was valid upon its face. In *McCutchen v. Askew,* 34 La. Ann. 340, the court, speaking of the effect of an order of revivor, said:

"The object of such proceedings is not to strengthen or improve the original judgment, but merely to screen it from the operation of prescription; and the judgment of revivor can not have the effect of stripping the defendant of any means of attack by a direct action on said judgment for nullity."

We are of the opinion that the rule stated is the correct one, and that if the judgment is one of form only, and is void for want of jurisdiction, it will remain void, notwithstanding proceedings to revive.

It is very clear that appellee, had he appeared in the revivor proceedings, could not have obtained the relief to which he appears to be entitled in the case at bar. Even though he could have shown that the judgment was void, it is well settled that he could not have gone beyond the judgment and shown that he was not indebted to appellant. The judgment, long prior to the proceedings to revive, had been transcribed to the district court for Holt county, and probably other counties. The judgment so transcribed was a cloud and an apparent lien upon the lands owned by Hugh A. Allen in such counties, so that had he appeared and shown that the judgment was void, this would not have removed the cloud cast by the judgment. It would probably have required one or more additional suits, in order to obtain the relief needed. This is always one of the grounds upon which the jurisdiction of a court of equity may be invoked. Appellee might, if he saw fit, disregard the revivor proceedings, and wait until an attempt was made to execute the void judgment, before attacking it for nullity. We are satisfied that in the case at bar, the judgment being void in the first instance for want of service, it remained void, notwithstanding personal service of the notice to revive. What would have been the

effect had Allen entered an appearance in the revivor proceedings, and set up the invalidity of the judgment, and, upon trial, judgment had gone against him, is not involved in this case and need not be determined. What we hold is that Allen was in no way deprived of his right to urge the void character of the judgment in question in this proceeding, by reason of the fact that personal service of the order of revivor was made upon him.

Shortly after the judgment in the Douglas county district court was rendered, defendant saw in the newspapers a notice of that fact, and upon inquiry found that he was the judgment defendant. This does not conclude him, as contended by plaintiff in error. The judgment of the trial court seems to us to be amply sustained. It is therefore recommended that the same be affirmed.

HASTINGS and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.