WILLIAM A. EHLERS, APPELLANT, V. HARVEY J. GROVE, APPELLEE.

24 N. W. 2d 866

FILED NOVEMBER 12, 1946. No. 32110.

W. A. Ehlers, pro se, for appellant.

Philip R. Kneifl and Irvin C. Levin, for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and Pollock, District Judge.

WENKE, J.

William A. Ehlers appeals from an order of the district court for Douglas County setting aside and vacating his

judgment entered in the municipal court of the City of Omaha against Harvey J. Grove.

For convenience the parties herein will be referred to as they appeared in the original action in the municipal court.

The record discloses that William A. Ehlers, as plaintiff, brought an action against Harvey J. Grove, as defendant, in the municipal court of the City of Omaha, Douglas County, Nebraska, on September 12, 1934, and caused summons to be issued thereon.

The constable's return on said summons is as follows: "On 13 Sept. 1934, I received the writ and on 13 Sept. 1934, served by leaving a certified copy of this writ and all endorsements hereon at usual place of residence, at 5511 Pine St. to Harvey J. Grove, the defendant, in the City of Omaha, in Douglas County, Nebraska."

Thereafter, on September 19, 1934, default judgment was entered in favor of the plaintiff.

To keep the judgment from becoming dormant execution was issued thereon and returned unsatisfied on September 11, 1939.

On December 3, 1943, an execution was issued out of the district court for Douglas County on this judgment, a transcript thereof having been filed therein. This execution was levied on property of the defendant. Thereafter, on December 23, 1943, the defendant filed his motion in the municipal court to vacate and set aside the judgment for the reason that no service of summons or notice of pendency of the action had ever been had upon him.

After objections thereto had been made by plaintiff a hearing was had thereon and the municipal court overruled the motion. From this ruling the defendant appealed to the district court for Douglas County.

The same issues were presented in the district court by the defendant's motion and the plaintiff's objections thereto.

On November 20, 1945, after hearing was had, the district court made the following findings of fact: "* * * that defendant, * * * did not reside at 5511 Pine Street, Omaha, Nebraska on the 13th day of September, 1934, nor had he

resided at said residence at any time prior thereto and that said defendant was not, on the 13th day of September, 1934, a resident of the City of Omaha, County of Douglas and State of Nebraska."

The court then decreed that there was a total failure of service of process or notice of the pendency of the action upon the defendant and that the municipal court was therefore without jurisdiction to render a judgment against him; that because thereof the judgment of the municipal court entered against the defendant on September 19, 1934, be vacated and set aside; and that a copy of its order be transmitted to the municipal court and entered in the action wherein said judgment had been entered.

It is from this order, after his motion for new trial had been overruled, that plaintiff appeals.

Plaintiff contends that the municipal court lacked jurisdiction to set aside its own judgment and therefore the district court was without jurisdiction on appeal; that the defendant did not proceed in a proper manner; and that a proceeding in equity in the district court was the proper action.

These, and all other contentions made by plaintiff, have already been determined by this court contrary to his contentions and are controlled by the following principles:

"Although generally a judgment may be taken by default where it appears that the process has been duly served as by statute required, it is the fact of service rather than the proof of service that gives the court jurisdiction." State Furniture Co. v. Abrams, 146 Neb. 342, 19 N. W. 2d 627.

"If it appears that no jurisdiction was acquired over a defendant in the manner required by law, a judgment rendered against him is void." Hassett v. Durbin, 132 Neb. 315, 271 N. W. 867. "* * * a judgment rendered by a court without jurisdiction of the parties is absolutely void. Ritchey v. Seeley, 68 Neb. 129." Omaha Nat. Bank v. Robinson, 73 Neb. 351, 102 N. W. 613. See, also, Luse v. Rankin, 57 Neb. 632, 78 N. W. 258.

"Every court possesses inherent power to vacate a void

judgment, either during the term at which it was rendered or after its expiration." Rasmussen v. Rasmussen, 131 Neb. 724, 269 N. W. 818. " 'A court may at any time clear its records of unauthorized and illegal entries therein.' Feikert v. Wilson, 38 Minn. 341." Hayes County v. Wileman, 82 Neb. 669, 118 N. W. 478.

"Where a judgment is void for want of jurisdiction over the person of the defendant, the latter may wait until an effort is made to enforce the judgment, before instituting proceedings to have such judgment voided or set aside." Rice v. Allen, 69 Neb. 349, 95 N. W. 704.

" 'In such a case the lapse of time is not a bar to the granting of the motion.' " Hayes County v. Wileman, *supra*. See Heffner v. Gunz, 29 Minn. 108, 12 N. W. 342, and Garrett v. State, 118 Neb. 373, 224 N. W. 860.

"An action to set aside a judgment must be brought in the court which rendered the judgment, otherwise the records of one court would be under the control of other courts of co-ordinate jurisdiction. A judgment is a matter of record, and can only be changed, set aside or modified by the court by whose authority the record is made, or by the direction of a court of higher jurisdiction in proceedings to review the judgment. If this were not so, chaos would result. Ryan v. Donley, 69 Neb. 623, 630; Trimble & Blackman v. Corey & Son, 78 Neb. 639; Carlson v. Ray, 104 Neb. 18." State ex rel. Long v. Westover, 107 Neb. 593, 186 N. W. 998.

"A proceeding to vacate and set aside a judgment for the reason that it is void must be brought in the court in which the judgment was rendered." Rassmussen v. Rassmussen, *supra*. Nor is it necessary that a meritorious defense be shown on the part of the defendant. Kaufmann v. Drexel, 56 Neb. 229, 76 N. W. 559; Baldwin v. Burt, 2 Neb. (Unof.) 377, 96 N. W. 401; Hayes County v. Wileman, *supra*.

"A void judgment may be set aside at any time upon motion made to the court." Hayes County v. Wileman, *supra*. See Hassett v. Durbin, *supra*.

"It is the settled law of this state that a false return of

service of process may be impeached by extrinsic evidence and that where the attempted service fails to reach the party to be served in any way, a judgment founded thereon is absolutely void and open to collateral attack." Baldwin v. Burt, *supra*.

"Proceedings taken in courts of general jurisdiction are presumed to be regular and in conformity with law, but when it is made to appear that no jurisdiction was acquired over the defendant, then the judgment rendered is void, and its invalidity may be shown in any action in which it may be called in question. Chicago, B. & Q. R. Co. v. Hitchcock County, 60 Neb. 722, 84 N. W. 97; Topliff v. Richardson, 76 Neb. 114, 107 N. W. 114." Hassett v. Durbin, *supra*. See, also, DeLair v. DeLair, 146 Neb. 771, 21 N. W. 2d 498.

The evidence shows that for about four years prior to May 12, 1933, the defendant and his wife lived at 4516 Pierce Street in the City of Omaha, which property he owned. On that date he commenced working for the Occidental Building and Loan Association of Omaha. He thereupon put his household goods in storage with the Bekins Van and Storage Company in their warehouse located in Omaha at 16th and Leavenworth Streets and sold his residence.

His work with the Building and Loan Association was to fix up and repair properties that it had taken over and then try to sell them. His territory was located in western Nebraska and he worked in such cities as North Platte, McGrew, Minatare, Gering, Crawford, Chadron, Scottsbluff, Mitchell, Morrill, and Bayard. His wife went with him and they lived in the city or town where he was working. He returned to Omaha only three or four times a year and on those occasions stayed at various places in the city but at no time did he stay at 5511 Pine Street.

He continued at this outstate work until the latter part of 1934 when he returned to Omaha. Thereafter, on January 11, 1935, he had his household goods removed from storage and taken to 5511 Pine Street in Omaha where he and his wife then proceeded to make their home.

Defendant owned the property located at 5511 Pine Street during 1934 but it was occupied by his son, Willard K. Grove, and wife. They resided there during 1934 and until sometime shortly before January 11, 1935. On September 13, 1934, the date the summons was served at 5511 Pine Street, the defendant and his wife were living at Gering.

Applying the rule as stated in DeLair v. Delair, *supra*, we think the evidence clearly and convincingly sustains the findings of the lower court that defendant did not live at 5511 Pine Street on September 13, 1934, nor had he lived there at any time prior thereto and that by reason of the service as made by the constable there was a total failure of service of process or notice of the pendency of the action upon the defendant.

For the reasons herein stated the judgment of the district court is affirmed.

AFFIRMED.