- 292 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

Capital One Bank (USA), N.A., appellee and
cross-appellant, v. Nelseena J. Lehmann,
appellant and cross-appellee.

___ N.W.2d ___

Filed September 22, 2015.    No. A-14-1109.

1. **Courts: Appeal and Error.** The district court and higher appellate courts generally review appeals from the county court for errors appearing on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. \_\_\_\_: \_\_\_\_. In instances when an appellate court is required to review cases for error appearing on the record, questions of law are reviewed de novo on the record.
4. **Pleadings.** "Special appearances" have been abolished in Nebraska; however, all pleadings shall be construed as to do substantial justice.
5. **Judgments: Jurisdiction.** A judgment entered without personal jurisdiction is void.
6. **Judgments: Time.** Every court possesses the inherent power to vacate a void judgment, either during the term at which it was rendered or after its expiration.
7. **Judgments: Jurisdiction.** If it appears that no jurisdiction was acquired over a defendant in the manner required by law, a judgment rendered against him is void.
8. **Judgments: Jurisdiction: Time.** Where a judgment is void for want of jurisdiction over the person of the defendant, the latter may wait until an effort is made to enforce the judgment, before instituting proceedings to have such judgment voided or set aside; the lapse of time is not a bar to the granting of the motion.
9. **Judgments.** A proceeding to vacate and set aside a judgment for the reason that it is void must be brought in the court in which the judgment was rendered.

- 293 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

10. **Jurisdiction: Service of Process: Waiver.** Proper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a defendant.
11. **Service of Process.** An individual party may be served by certified mail.
12. **Notice: Service of Process.** Although Neb. Rev. Stat. § 25-505.01 (Cum. Supp. 2014) does not require service to be sent to the defendant's residence or restrict delivery to the addressee, due process requires notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections.

Appeal from the District Court for Red Willow County, David Urbom, Judge, on appeal thereto from the County Court for Red Willow County, Anne Paine, Judge. Judgment of District Court affirmed.

Bert E. Blackwell for appellant.

Karl von Oldenburg, of Brumbaugh & Quandahl, P.C., L.L.O., for appellee.

Moore, Chief Judge, and Pirtle and Bishop, Judges.

Bishop, Judge.

Capital One Bank (USA), N.A. (Capital One), obtained a default judgment against Nelseena J. Lehmann for unpaid credit card charges. Several years later, Lehmann filed a "Motion of Special Appearance" and claimed that the county court lacked personal jurisdiction over her when it entered the default judgment; in her affidavit, Lehmann averred that the certified mail containing the complaint was signed for by her estranged husband, who did not inform her of the lawsuit. The county court for Red Willow County determined that notice by certified mail, signed for by Lehmann's husband, was sufficient notice to enter default judgment. The county court further determined that Lehmann did not use the appropriate procedure to vacate a default judgment. The county court denied Lehmann's motion for "special appearance." On appeal,

- 294 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

the district court for Red Willow County affirmed. We affirm, but for different reasons.

## BACKGROUND

Capital One filed a complaint in county court, case No. CI 09-685, alleging that Lehmann failed to make payments on a credit card account and owed Capital One $2,942.37 as of November 23, 2009, plus accrued and accruing interest. The "Service Return" shows that the complaint was sent via certified mail to Lehmann at an address in McCook, Nebraska. Because the file stamps on various pleadings in the transcript are difficult to read, we rely on the undisputed factual findings of the Red Willow County Court, which were as follows:

> The pleadings show that the Complaint was filed on November 30, 2009[,] and a Service Return was filed with the Court on December 24, 2009, showing a certified mail proof [of] service with receipt signed by Kurt Lehmann on December 7, 2009. A Motion and Affidavit for Default Judgment was filed February 1, 2010[,] and the Court entered Default Judgment against [Lehmann] on February 10, 2010.

Capital One thereafter began garnishment proceedings in case No. CI 09-685. In November 2013, Capital One filed an "Affidavit and Praecipe for Summons in Garnishment After Judgment," asking the clerk of the Red Willow County Court to issue summons in garnishment upon Lehmann Saddle Company in McCook, upon the belief that the company had property of and was indebted to Lehmann, the judgment debtor. A "Summons and Order of Garnishment in Aid of Execution" was sent to Lehmann Saddle Company via certified mail on that same date. Similar affidavits, as well as summons and orders of garnishment, were filed and sent in January 2014 (to a bank in Omaha, Nebraska,) and May 2014 (to a bank in McCook). It does not appear that Capital One was successful in its garnishment attempts.

- 295 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

On June 27, 2014, Lehmann filed a "Motion of Special Appearance" in case No. CI 09-685 stating:

> Without waiving her objection to the jurisdiction of this Court, or this person, . . . Lehmann, says:
>
> 1. During all times relevant to the allegation in [Capital One's] Petition, . . . Lehmann was a resident and citizen of the State of Oklahoma, having moved to Blackwell, Oklahoma[,] on September 30, 2009[,] and not returning to Danbury, Nebraska[,] until June 1, 2011, and this Court had no jurisdiction over her person. By this motion, [Lehmann] specifically preserves and reasserts her special appearance herein, and does not waive her right to object and raise the issue of the jurisdiction of this Court over her person.
>
> 2. Subjecting [Lehmann] to the jurisdiction of this court is a denial of due process of law and equal protection of the laws in violation of the Constitution of the United States of America and the Constitution of the State of Nebraska.
>
> WHEREFORE, . . . Lehmann, requests that her special appearance be sustained.

Also on June 27, 2014, Lehmann filed an affidavit, wherein she stated:

> 1. Affiant states that she is the defendant in the above entitled case.
>
> . . . .
>
> 3. Affiant was living in McCook, Nebraska[,] until she moved to Blackwell, Oklahoma[,] on September 30, 2009.
>
> [4]. On June 1, 2011[,] Affiant moved back to Danbury, Nebraska[,] where she now resides.
>
> [5]. Affiant states that she did not receive a bill concerning the above matter.
>
> [6]. Affiant has never received a summons in the above entitled case because, due to her separation from her husband who sign [sic] for the certified mail, he did not

- 296 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

inform her, and affiant was never afforded notice of the proceedings and given an opportunity to be heard.

[7]. Affiant states that she did not know about the above entitled lawsuit until she received notice of interrogatories on 6-12-14.

A hearing on Lehmann's "Motion of Special Appearance" was held on July 15, 2014. Capital One did not appear at the hearing, but the record shows that it did receive notice of the hearing. The court received into evidence (1) the "Service Return" filed with the court on December 24, 2009, showing a certified mail receipt signed by Kurt Lehmann on December 7 and (2) Lehmann's affidavit, filed with the court on June 27, 2014. No testimony was given at the hearing, and the court gave "both parties" 14 days to submit letter briefs or other case law they wished the court to consider. Lehmann submitted her brief to the court on July 25, wherein she argued that because there had never been any service against her, Capital One's default judgment was void.

In its order filed on August 1, 2014, the county court found that Lehmann was legally married to Kurt Lehmann on the date he signed the certified mail receipt and that all requirements of service by certified mail were met. See Neb. Rev. Stat. § 25-505.01(1)(c) (Cum. Supp. 2014). The court found it had jurisdiction over Lehmann for purposes of entering judgment. The court went on to note that the default judgment was entered on February 10, 2010, more than 4 years prior, and that any action to vacate or modify a judgment entered in 2010 would require compliance with the statutory procedures for setting aside a judgment after the term of court; the county court specifically cited to Neb. Rev. Stat. § 25-2002 (Reissue 2008) (proceedings to vacate or modify judgment). Finding that Lehmann failed to comply, the court denied Lehmann's special appearance motion.

Lehmann appealed the county court's denial of her "Motion of Special Appearance" to the district court. In its order filed on November 13, 2014, the district court affirmed the

decision of the county court, finding that the county court's decision was correct in all respects.

Lehmann now appeals to this court.

## ASSIGNMENTS OF ERROR

Lehmann assigns that the district court erred in affirming the decision of the county court denying her special appearance.

Capital One, on cross-appeal, assigns that its due process rights would be violated if the default judgment is vacated as requested by Lehmann.

## STANDARD OF REVIEW

[1,2] The district court and higher appellate courts generally review appeals from the county court for errors appearing on the record. *Centurion Stone of Neb. v. Whelan*, 286 Neb. 150, 835 N.W.2d 62 (2013). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

[3] However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id*.

## ANALYSIS

Lehmann assigns and argues that the district court erred in affirming the decision of the county court denying her special appearance. In her "Motion of Special Appearance," Lehmann claimed that the county court lacked personal jurisdiction over her when it entered the default judgment; in her affidavit, Lehmann averred that the certified mail with the complaint was signed for by her estranged husband who did not inform her of the lawsuit.

[4-6] First, we point out that "special appearances" have been abolished in Nebraska. Pursuant to Neb. Rev. Stat. § 25-801.01(2)(c) (Reissue 2008), for all civil actions filed on or after January 1, 2003, "special appearances shall not

- 298 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

be used." However, "[a]ll pleadings shall be construed as to do substantial justice." § 28-801.01(2)(d). Lehmann's motion essentially claimed that the county court lacked personal jurisdiction over her at the time Capital One filed its complaint in November 2009 and through the entry of default judgment on February 10, 2010. The Nebraska Supreme Court has stated that a judgment entered without personal jurisdiction is void. *Johnson v. Johnson*, 282 Neb. 42, 803 N.W.2d 420 (2011). A void judgment may be attacked at any time in any proceeding. *Id*. "A void judgment is in legal effect nothing. Such a judgment may be vacated at any time on motion for that purpose. A court may at any time clear its records of unauthorized and illegal entries." *Foster v. Foster*, 111 Neb. 414, 417, 196 N.W. 702, 703 (1923). Accordingly, and in order to construe Lehmann's pleading as to do substantial justice, we treat Lehmann's "Motion of Special Appearance" as a motion to vacate an allegedly void judgment. We note that if Lehmann had filed her motion for "special appearance" before entry of a final order, we would have treated it as a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(2) (lack of personal jurisdiction). However, because a judgment had already been entered in this case, we treat Lehmann's motion for "special appearance" as a motion to vacate the allegedly void judgment. See, generally, *Ehlers v. Grove*, 147 Neb. 704, 24 N.W.2d 866 (1946) (every court possesses inherent power to vacate void judgment, either during term at which it was rendered or after its expiration).

In *Ehlers v. Grove, supra*, William A. Ehlers received a default judgment against Harvey J. Grove in the municipal court of the city of Omaha in 1934. Nine years later, an execution was issued out of the district court for Douglas County on the judgment; the execution was levied on Grove's property. Thereafter, Grove filed a motion in the municipal court to vacate and set aside the judgment for the reason that no service of summons or notice of pendency of the action had ever been had upon him. After a hearing, the municipal court

- 299 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

overruled Grove's motion. Grove appealed to the district court. After a hearing, the district court decreed that there was a total failure of service of process or notice of the pendency of the action upon Grove and that the municipal court was therefore without jurisdiction to render a judgment against him; therefore, the 1934 judgment of the municipal court entered against Grove should be vacated and set aside. Ehlers appealed the district court's order. The Nebraska Supreme Court affirmed the district court's order.

[7-9] In its opinion, the Nebraska Supreme Court set forth the controlling legal principles:

"Although generally a judgment may be taken by default where it appears that the process has been duly served as by statute required, it is the fact of service rather than the proof of service that gives the court jurisdiction." . . .

"If it appears that no jurisdiction was acquired over a defendant in the manner required by law, a judgment rendered against him is void." . . . "[A] judgment rendered by a court without jurisdiction of the parties is absolutely void. . . ." . . .

"Every court possesses inherent power to vacate a void judgment, either during the term at which it was rendered or after its expiration." . . . "'A court may at any time clear its records of unauthorized and illegal entries therein.' . . ." . . .

"Where a judgment is void for want of jurisdiction over the person of the defendant, the latter may wait until an effort is made to enforce the judgment, before instituting proceedings to have such judgment voided or set aside." . . .

"'In such a case the lapse of time is not a bar to the granting of the motion.'" . . .

"An action to set aside a judgment must be brought in the court which rendered the judgment, otherwise the records of one court would be under the control of other

- 300 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

courts of co-ordinate jurisdiction. A judgment is a matter of record, and can only be changed, set aside or modified by the court by whose authority the record is made, or by the direction of a court of higher jurisdiction in proceedings to review the judgment. If this were not so, chaos would result. . . ." . . .

"A proceeding to vacate and set aside a judgment for the reason that it is void must be brought in the court in which the judgment was rendered." . . . Nor is it necessary that a meritorious defense be shown on the part of the defendant. . . .

"A void judgment may be set aside at any time upon motion made to the court." . . .

"It is the settled law of this state that a false return of service of process may be impeached by extrinsic evidence, and that where the attempted service fails to reach the party to be served in any way, a judgment founded thereon is absolutely void and open to collateral attack." . . .

"Proceedings taken in courts of general jurisdiction are presumed to be regular and in conformity with law, but when it is made to appear that no jurisdiction was acquired over the defendant, then the judgment rendered is void, and its invalidity may be shown in any action in which it may be called in question. . . ."

*Ehlers v. Grove*, 147 Neb. 704, 706-08, 24 N.W.2d 866, 868-69 (1946) (citations omitted).

Pursuant to *Ehlers v. Grove, supra*, the county court has the inherent power to vacate a void judgment, either during the term at which it was rendered or after its expiration, upon motion to the court; lapse of time is not a bar to such motion. Because the county court has the inherent power to vacate a void judgment, the statutory procedures for vacating or modifying a judgment after the term of court are inapplicable. See, Neb. Rev. Stat. § 25-2001 (Reissue 2008); § 25-2002; Neb. Rev. Stat. § 25-2008 (Reissue 2008); Neb.

- 301 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

Rev. Stat. § 25-2720.01 (Cum. Supp. 2014). We therefore turn to the merits of Lehmann's motion to vacate the allegedly void judgment.

[10] In her motion, Lehmann claimed that the county court lacked personal jurisdiction over her when it entered the default judgment. More specifically, in her affidavit, Lehmann averred that the certified mail with the complaint was signed for by her estranged husband who did not inform her of the lawsuit. Proper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a defendant. *Johnson v. Johnson*, 282 Neb. 42, 803 N.W.2d 420 (2011). And a judgment entered without personal jurisdiction is void. *Id*.

[11,12] An individual party may be served by certified mail. See Neb. Rev. Stat. § 25-508.01 (Cum. Supp. 2014). Section 25-505.01(1)(c) governs service by certified mail and states:

> (1) Unless otherwise limited by statute or by the court, a plaintiff may elect to have service made by any of the following methods:
>
> . . . .
>
> (c) Certified mail service which shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached[.]

The record reflects that the summons was issued on November 30, 2009; Capital One, on December 2, sent the summons by certified mail to Lehmann in McCook; the return receipt was signed by Kurt Lehmann on December 7; and the proof of that service was filed with the county court on December 24. The Nebraska Supreme Court has stated:

> Unlike many state statutes that permit certified mail service, § 25-505.01 does not require service to be sent to the defendant's residence or restrict delivery to the addressee. But due process requires notice to be

- 302 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections.

*Doe v. Board of Regents*, 280 Neb. 492, 508, 788 N.W.2d 264, 280 (2010). Capital One complied with all of the requirements of § 25-505.01. The question now is whether the certified mail service was reasonably calculated to apprise Lehmann of the pendency of the action.

In the instant case, Capital One's complaint and praecipe for summons were filed on November 30, 2009. The praecipe for summons requested the clerk of the Red Willow County Court to issue summons for service via certified mail to Lehmann at her "place of residence" at an address in McCook. The record reflects that the summons was issued on November 30. On December 2, Capital One sent the summons by certified mail to Lehmann in McCook. In her affidavit, Lehmann states that she was living in McCook until September 30, when she moved to Oklahoma; this was 2 months before Capital One filed its complaint. The record does not demonstrate that Lehmann gave Capital One, with whom she had a credit card account, her forwarding address, or even made Capital One aware that she was moving. Lehmann also claims that she did not receive the summons because of her "separation" from her husband at the time the complaint and summons were served; however, it is unclear how Lehmann's temporary marital or living status affects Capital One's reasonable reliance on, presumably, an address provided to them by Lehmann for the purpose of her maintaining an account. Accordingly, when Capital One sent the summons via certified mail on December 2, it sent the summons to Lehmann's place of residence as known to Capital One; and on December 7, the return receipt was signed by Kurt Lehmann, Lehmann's legal husband.

Unlike *Ehlers v. Grove*, 147 Neb. 704, 24 N.W.2d 866 (1946), where there was a total failure of service of process, under the circumstances of this case, Lehmann's right to due

- 303 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
CAPITAL ONE BANK v. LEHMANN
Cite as 23 Neb. App. 292

process was not offended because notice was reasonably calculated to apprise her of the pendency of the action and to afford her the opportunity to present her objections. See *Doe v. Board of Regents, supra*. Because there was proper service, the county court did have personal jurisdiction over Lehmann, the default judgment was not void for lack of personal jurisdiction, and Lehmann's motion to vacate an allegedly void judgment on the basis of lack of personal jurisdiction (premised upon insufficient service of process) should have been denied. Because our analysis was of a motion to vacate a void judgment, rather than a "special appearance," we affirm, for different reasons, the decision of the district court, which affirmed the decision of the county court. See *Doe v. Board of Regents*, 283 Neb. 303, 809 N.W.2d 263 (2012) (appellate court will affirm lower court's ruling which reaches correct result, albeit based on different reasoning).

Because we are not vacating the default judgment, we need not address Capital One's cross-appeal. See *Lang v. Howard County*, 287 Neb. 66, 840 N.W.2d 876 (2013) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

Because the county court had personal jurisdiction over Lehmann, the default judgment was not void for lack of personal jurisdiction. Accordingly, we affirm the decision of the district court, which affirmed the decision of the county court denying Lehmann's motion.

Affirmed.